Earl C. YUST, Appellant,

v.

Norman H. BARNETT, Respondent.

No. 52860.

Supreme Court of Missouri,
En Banc.

Sept. 9, 1968.

Rehearing Denied Oct. 14, 1968.

Ben W. Swofford, Kansas City, Jim Poynor, Joplin, for appellant; Swofford & Waisblum, Kansas City, Poynor & Long, Joplin, of counsel.

John R. Martin, Joplin, for respondent.

HENLEY, Judge.

Action for $100,000 damages for malpractice against a medical doctor specializing in orthopedic surgery. Defendant's motion to dismiss was sustained and judgment entered for defendant on the ground the action was barred by the two year statute of limitation, § 516.140.[1] Plaintiff appeals from that judgment. We affirm.

Plaintiff's petition alleges, in substance: that in August, 1962, he consulted with defendant with reference to a low back condition and defendant undertook to treat and care for him; that on October 30, 1962, defendant caused him to enter St. John's Hospital in Joplin, Missouri, and advised him he was suffering from herniated intervertebral discs at the L3–4, L4–5, and L5–S1 levels of the spine and that this condition could be corrected by surgery. Surgery was preformed by defendant on November 3, 1962.

The petition further alleges that defendant "failed to exercise the proper degree of surgical skill commonly employed in the area of his practice by orthopedic and neurosurgeons, in that he did not adequately complete said operation; only partially completed the same; left the discs and the surrounding areas in inadequate and dangerous conditions; and abandoned said surgical proceedings when the same were medically incomplete * * *; [t]hat in the process of said surgery the defendant carelessly and negligently damaged nerves, tissues, cartilages and other areas of the plaintiff's back, caused an aggravation of the pre-existing condition; and carelessly and negligently left a metallic clip in the area of the operation site; and carelessly and negligently performed a partial resection of the lamina of L5; all of which left the plaintiff's condition such that further surgical procedures in that area would be impossible or extremely dangerous * *."

Plaintiff further alleged that defendant wrongfully concealed from him the true nature of the surgical procedures performed and misrepresented to him the nature and extent thereof; that defendant represented that the procedures had been successful and had accomplished the desired results, all of which was inaccurate and false and known to be so by defendant.

Plaintiff further alleged that he has no medical training or experience, and no knowledge or means of knowledge of the true condition of his back as a result of the negligence of defendant; that such was unknown to him and, in the exercise of ordinary care, could not have become known to him before March 19, 1965.

It is further alleged that on March 19, 1965, plaintiff was examined by other physicians and for the first time learned the true nature of defendant's surgical procedures and the true condition of his back as a result of the surgery performed by defendant on November 3, 1962.

The action was filed November 21, 1966, more than four years after the surgery and

1. All section references are to Revised Statutes of Missouri, 1959, and V.A.M.S.

less than two years after plaintiff's injury and damage were discovered or discoverable.

Defendant's motion to dismiss was on the ground that the action was barred by the statute of limitation, § 516.140, because it had not been " * * * brought within two years from the date of the act of neglect complained of * * *."

Plaintiff contends the action is not barred, because the running of the two year period was tolled by § 516.100 since the damage resulting from the wrong done (act of neglect) was not discoverable until March 19, 1965, and the action was filed within two years after that date. Plaintiff also contends that "If the court adopts the theory of the trial court and affirms its judgment, section 516.140 * * * is unconstitutional and void as depriving * * plaintiff of valuable property rights without due process of law, depriving him of equal protection of the law and as constituting class legislation, all in violation of both the state and federal constitutions."

It is thus evident that the issues and questions presented for decision in this case are the same as those presented and decided in Laughlin v. Forgrave et al., Mo., No. 52,919, 432 S.W.2d 308, adopted concurrently herewith. The points briefed by plaintiff-appellant in this case are essentially the same as those briefed by appellant in the Laughlin case; authorities cited in support of those points are the same. Our decision and the reasons stated for our decision in the Laughlin case control our decision in this case.

Accordingly, the judgment is affirmed.

FINCH, EAGER, and STORCKMAN, JJ., concur.

DONNELLY, J., dissents in separate dissenting opinion filed.

HOLMAN, C. J., and SEILER, J., dissent and concur in separate dissenting opinion of DONNELLY, J.

DISSENTING OPINION

DONNELLY, Judge.

I respectfully dissent for the reasons stated in my dissenting opinion in Laughlin v. Forgrave, Mo., No. 52919, 432 S.W.2d 315.